IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FREDERICK BANKS, and KENNETH POSNER | ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | Civil Action No. 2:15-cv-0239 District Judge David S. Cercone Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| NYPD, *et al.*, | ) ) | ECF Nos. 1 & 2 |
| Defendants. | ) ) ) ) | |

**REPORT AND RECOMMENDATION**

I.  **RECOMMENDATION**

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks (ECF No. 2) be denied. It is also recommended that the Indictment and Petition for a Writ of Mandamus Complaint, docketed as a Motion for Writ of Mandamus and construed by the Court as "the Complaint" (ECF No. 1) be dismissed. It is further recommended that the Complaint also listing Kenneth Posner as Plaintiff be dismissed for failure to pay the filing fee and for failure to motion for leave to proceed in forma pauperis. Finally, it is recommended that the clerk mark the case closed.

## II. REPORT

Plaintiff, Frederick Banks, commenced this civil action on January 27, 2015 in the United States District Court for the Middle District of Georgia by filing a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) on Form AO 240 (Rev. 7/10), "Application to Proceed in District Court Without Prepaying Fees or Costs." On the same day, Mr. Banks also submitted for filing an Indictment and Petition for a Writ of Mandamus Complaint, docketed as a Motion for Writ of Mandamus, and construed by the Court as "the Complaint" (ECF No. 1). Although Kenneth Posner is also listed as a Plaintiff, he failed to pay the filing fee or motion for leave to proceed in forma pauperis, which if granted, would have waived the filing fee.

Pursuant to 28 U.S.C. § 1915(a), Plaintiff Banks has requested leave to proceed in forma pauperis. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Thus, pursuant to § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly

2

baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

Dismissal of the complaint as malicious under § 1915(e)(2)(B)(i) is warranted where after examining the litigant's subjective motivation for filing the lawsuit, the court determines that the action is an attempt to vex, injure or harass the defendant. *Daley v. U.S. Attorneys Office*, 538 F. App'x 142, 143-44 (3d Cir. 2013) (citing *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)). Some courts have recognized more objective instances of malicious claims, for example, where the complaint "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Daley v. U.S. Dist. Court Dist. of Del.*, 629 F. Supp.2d 357, 359-60 (D. Del. 2009) (citations and internal quotation marks omitted), *aff'd,* 383 F. App'x 178 (3d Cir. 2010), or where the complaint "is plainly abusive of the judicial process," *Abdul-Akbar v. Dep't of Corr.,* 910 F. Supp. 986, 999 (D. Del. 1995) (citations omitted), *aff'd*, 111 F.3d 125 (3d Cir. 1997).

Plaintiffs have named almost 80 Defendants in the attached complaint. Plaintiffs are attempting to bring a charge and indictment against the New York Police Department ("NYPD") and New York Police Officer Daniel Panteleo for the murder and manslaughter of Eric Garner. Compl., Count 1, ECF No. 1 at 2. Plaintiffs also seek to charge and indict Police Officer Darren Wilson formerly with the Ferguson, Missouri Police Department for the murder of Michael Brown. Compl., Count 2, ECF No. 1 at 2. Plaintiffs lack authority and standing to bring these charges and Plaintiffs' attempt to do so is both frivolous and malicious.

Mr. Banks also sets forth a claim for "Discrimination against Constitutional Rights" against Defendants Kyle Kohlbacker, Earl Kohlbacker, Garret Gaetano, and Renewal, Inc., based on his status as an American Indian, with regard to the practice of his Wicca religion and the scheduling of outside employment hours, in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments and 18 U.S.C. § 242. Mr. Banks further alleges that these Defendants conspired to keep him confined at the Renewal Center contrary to the provisions outlined in 18 U.S.C. §§ 241-242. Compl., Count 3, ECF No. 1 at 2. Similarly in Count 5, Mr. Banks sets forth additional allegations of a conspiracy to violate his constitutional rights under the Eighth Amendment, First Amendment Free Exercise and Establishment clauses, and 18 U.S.C. §§ 241-242 involving Earl and Kyle Kohlbacker, Shariff Rasheed and Doug Williams, at Renewal Inc. In addition, Mr. Banks asserts that Defendants Jessica Albert and Charmaigne Odon conspired to keep him confined in a halfway house and to require him to apply for funds through two Christian organizations before they would consider or submit him for Second Chance Act funds "because of his status as a Wiccan, Warlock and Witch and practioner [sic] of pagan Witchcraft." Compl., Count 5, ECF No. 1 at 4.[1]

The motion for IFP is defective in two respects. First, it does not attach service copies for each defendant named in the complaint or the required Marshal's 285 form

---

[1] It should also be noted that among the almost 80 Defendants, Plaintiffs have named the deceased United States Supreme Court Justice Learned Hand, President of the United States Barack Obama, Hillary Rodham Clinton, and the United States District Judges for the Western District of Pennsylvania who were assigned to previous cases filed by one or both Plaintiffs-- the Honorable Joy Flowers Conti and the Honorable Nora Barry Fischer.

4

completed for each defendant. More importantly, Mr. Banks has not attached a statement making the required certifications as ordered by Judge Nora Barry Fischer in her Memorandum Order dated November 6, 2013 (ECF No. 10) in Case No. 2:13-cv-1198, in which she denied Plaintiff's motion for leave to proceed in forma pauperis and also entered the following order:

> **IT IS FURTHER ORDERED** that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting *in forma pauperis* status, Plaintiff is required to attach to his motion for leave to proceed *in forma pauperis* a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed *in forma pauperis.* If it should be determined that a false certification has been made, Plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

*Banks v. Unknown Named Number of U.S. Postal Inspectors,* Case No. 2:13-cv-1198, Mem. Order, ECF No. 10 (W.D. Pa. Nov. 6, 2013). Accordingly, because Mr. Banks has failed to attach the required certification to his IFP motion, the Court recommends that his motion for leave to proceed in forma pauperis be denied and the case closed. Should Mr. Banks wish to proceed with this case, he must file a motion to reopen the case and submit either the required certification statement or the $400 filing fee.[2]

---

[2] If Mr. Banks decides to proceed by either submitting the required certification statement or paying the $400 filing fee, he is strongly urged to attach a revised complaint that takes into consideration the infirmities noted above with the complaint attached to his IFP motion.

5

The Court further recommends that the Complaint also filed by Plaintiff Kenneth Posner be dismissed. It is clear to the Court that Mr. Posner was added to the complaint in an attempt to preclude denial of the IFP motion based on Judge Fischer's November 6, 2013 order. The gravamen of Plaintiffs' complaint is an alleged conspiracy to violate Mr. Banks' constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments, while he was assigned to Renewal, Inc., a halfway house located in Pittsburgh, PA. The only mention of Mr. Posner in the complaint is found in Count 4, wherein Plaintiffs allege that on or about October 23, 2013, Judge Joy Flowers Conti, Judge Nora Barry Fischer, and ten individuals who sit on the Foreign Intelligence Surveillance Court:

> conspired to keep Banks and **Posner** in a state of perpetual frenzy and discontent by holding them hostage with a bogus FISA Warrant that they unlawfully approved in the District of Columbia at the Foreign Intelligence Surveillance Court and as a result of the Warrant the CIA Office of Science and Technology put them under surveillance using SIGINT ("Signals Intelligence") which produced the Microwave Auditory Effect in their daily lives 24 hours a day 7 days a week.[ ] The U.S. Probation department conspired along with these Defendants to cause and keep Frederick Banks confined at N.E.O.C.C. in Ohio and Renewal Center in Pittsburgh intentionally and knowingly in violation of the Eighth Amendment because at all times material these judges and parties knew or had reason to know of the Foreign Intelligence Surveillance Act Warrants on both Banks and **Posner**. **Posner** was medically tested said test is attached hereto as exhibit A and as a result of that test he has actual evidence that his is being targeted by the Defendants and Surveilled in an unlawful CIA Surveillance campaign. The FISA Warrant was unlawfully approved at the request of the Federal Bureau of Investigation by the Foreign Intelligence Surveillance Court resulting in electronic harassment and Signals Intelligence domestic surveillance by the CIA Office of Science and Technology (Domestic Intelligence on U.S. Citizens by the CIA was outlawed by

6

> Congress in the 1970's. See Exhibit B.) (the general public
> calls FISA Warrants and SIGINT "voice to skull", "v2k",
> "remote neural monitoring" , "gang stalking" and "the frey
> effect or the microwave auditory effect" see Wikipedia.com .)
> because of multiple civil lawsuits that Frederick Banks filed
> against the United States and agencies in violation of 18
> USC 241.

Compl., Count 4, ECF No. 1 at 2-3 (emphasis added). These incredible allegations are similar to those asserted by Mr. Banks in his complaint in Case No. 2:13-cv-1198 (and in other civil actions filed by Banks), which resulted in Judge Fischer issuing the November 6, 2013 order.[3] The only difference in the present action is that Mr. Banks refers to the results of a medical test conducted on Posner in an attempt to lend credibility to his allegations in Count 4 that "he has actual evidence that his [sic] is being targeted by the Defendants and Surveilled in an unlawful CIA Surveillance campaign." The allegations do not, however, provide any basis for Mr. Posner to join in this lawsuit.[4]

As such, the Court finds Mr. Posner is nothing but a straw party[5] used by Mr. Banks to circumvent Judge Fischer's November 6, 2013 Order. Should Mr. Posner feel he has a non-frivolous claim that he wishes to pursue on his own, he may file a separate civil action and motion for leave to proceed in forma pauperis, along with his

---

[3] In fact, the above captioned case is identical to the action filed in the United States District Court for the Western District of Pennsylvania at 2:15-cv-0054, with the exception of deleting the United States Senators and members of Congress who constituted more than 520 of the named defendants in that case. In all other respects, these two cases are identical.

[4] In 2:15-cv-0054, Mr. Posner's address of record indicated that he resided in New Jersey. In the present action, Mr. Posner's address of record is the post office box address of record for Plaintiff Banks in 2:15-cv-0054. Plaintiff Banks' current address of record is a new post office box number.

[5] A "straw man" or "straw party" is defined as "[a] fictitious person, esp. one that is weak or flawed. . . . A third party used in some transactions as a temporary transferee to allow the principal parties to accomplish something that is otherwise impermissible." BLACK'S LAW DICTIONARY (9th ed. 2009).

complaint setting forth *his* claims with sufficient facts to show entitlement to the relief *he* is requesting.  Accordingly, the Court recommends that the Complaint also listing Kenneth Posner as Plaintiff be dismissed for failure to pay the filing fee and for failure to motion for leave to proceed in forma pauperis.

### III.     CONCLUSION

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks (ECF No. 2) be denied.  It is also recommended that the Indictment and Petition for a Writ of Mandamus Complaint, docketed as a Motion for Writ of Mandamus and construed by the Court as "the Complaint" (ECF No. 1) be dismissed.  It is further recommended that the Complaint also listing Kenneth Posner as Plaintiff be dismissed for failure to pay the filing fee and for failure to motion for leave to proceed in forma pauperis.  Finally, it is recommended that the clerk mark the case closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service

of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 26, 2015

BY THE COURT:

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
U. S. Magistrate Judge

cc: Frederick Banks
P.O. Box 42303
Pittsburgh, PA 15203
*Via First Class Mail*

Kenneth Posner
P.O. Box 295
Pittsburgh, PA 15230
*Via First Class Mail*